UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

DONALD MCKEE,

   Plaintiff,                                      CASE NO.:

-VS-

ADT, LLC d/b/a ADT SECURITY SERVICES,

   Defendant.
_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2.    The TCPA was enacted to prevent companies like ADT, LLC d/b/a ADT SECURITY SERVICES ("ADT") from invading American citizens' privacy and prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

6. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9.  The alleged violations described herein occurred in Davidson County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

10.  Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Memphis, Shelby County, Tennessee.

11.  Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12.  Defendant is a corporation which was formed in Delaware with its principal place of business located at 1501 Yamato Road, Boca Raton, Florida 33431, which conducts business in the State of Tennessee.

13.  Plaintiff is the regular user and carrier of the cellular telephone numbers at issue, (901) *** - 2070 and (901) *** - 2044, and was the called party and recipient of Defendant's hereinafter described calls.

14.  Over the last four (4) years, Plaintiff has been receiving calls to his aforementioned cellular telephone(s) from Defendant seeking to recover an alleged debt.

15.  Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (800) 522-2455, (201) 414-5400 and (201) 414-5402, and when those numbers are called, a pre-recorded message answers and says "Welcome to ADT. Always there. Please hold while I transfer you."

16.   Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number(s) were made using an "automatic telephone dialing

system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and, because when he answered a call from the Defendant, he would hear an extended pause before a live agent would come on the line.

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A)..

18. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19. In or about May of 2017, Plaintiff received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, and informed that agent/representative of Defendant that he did not feel he had spoken to someone previously concerning the alleged debt, that the alleged debt was supposed to have been waived due the security system not working properly, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

20. During the aforementioned phone conversation in or about June of 2017 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number(s) by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

21. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number(s) was done so without the "express consent" of the Plaintiff.

22. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number(s) was knowing and willful.

23. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call his aforementioned cellular telephone number(s).

24. On at least six (6) separate occasions, Plaintiff has either answered a call from Defendant or returned a call to Defendant regarding his account, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number(s). His principal reason for answering these calls and making these demands of ADT was the cumulative injury and annoyance he suffered from the calls placed by ADT. These injuries are further described in paragraphs 28 through 34 herein.

25. Each of the Plaintiff's requests for the harassment to end was ignored.

26. From about May of 2017, through the filing of this Complaint, Defendant has placed approximately two-hundred (200) actionable calls to Plaintiff's aforementioned cellular telephone number(s). (Please see attached **Exhibit "A"** representing a non-exclusive call log of fifteen (15) calls from May 18, 2017 through July 12, 2017).

27. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

28. From each and every call placed without express consent by Defendant to Plaintiff's cell phone(s), Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

29. From each and every call without express consent placed by Defendant to Plaintiff's cell phone(s), Plaintiff suffered the injury of the occupation of his cellular telephone line(s) and cellular phone(s) by unwelcome calls, making the phone(s) unavailable for legitimate callers or outgoing calls while the phone(s) was ringing from Defendant's calls.

30. From each and every call placed without express consent by Defendant to Plaintiff's cell phone(s), Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone(s), which are designed to inform the user of important missed communications.

31. Each and every call placed without express consent by Defendant to Plaintiff's cell phone(s) was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone(s), which are designed to inform the user of important missed communications.

32. Each and every call placed without express consent by Defendant to Plaintiff's cell phone(s) resulted in the injury of unnecessary expenditure of Plaintiff's cell phone(s)'s battery power.

33. Each and every call placed without express consent by Defendant to Plaintiff's cell phone(s) resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone(s) and his cellular phone(s) services.

34. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, and aggravation.

35. Defendant's corporate policy is structured so as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

36. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

37. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

38. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

39. Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

40. Defendant violated the TCPA with respect to the Plaintiff.

41. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

42. Plaintiff realleges and incorporates paragraphs one (1) through forty-one (41) above as if fully set forth herein.

43. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

44. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

*s/Mark Lambert*
Mark A. Lambert, Esquire (TNB: 22509)
Morgan & Morgan
40 S. Main Street, Suite 2600
One Commerce Square
Memphis, Tennessee 38103
(901) 217-7000 phone
(901) 333-1897 fax
MLambert@ForThePeople.com
*Attorney for Plaintiff*

And

*s/Shaughn C. Hill (pro hac vice motion to be filed)*
Shaughn C. Hill, Esquire
Florida Bar No.: 105998
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

Tele: (813) 223-5505
SHill@ForThePeople.com
JSheerwood@ForThePeople.com
*Attorney for Plaintiff*
*Application for Admission Pro Hac Vice*
*to be filed*